# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; and IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, | CASE NO.: 4:19-cv-2377 |
| Plaintiffs, | JUDGE: |
| vs. | MAG. JUDGE: |
| EDWARDS STEEL, INC., an Illinois Corporation; and CHRISTOPHER EDWARDS, an Individual | |
| Defendants. | |

## COMPLAINT

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds" or "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant EDWARDS STEEL, INC. ("ESI") and CHRISTOPHER EDWARDS ("Edwards") and in support, allege as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Count II of this action arises under an executed Settlement Agreement between ESI,

Edwards, and the Trust Funds. The Settlement Agreement, which was executed by ESI and Edwards on June 20, 2019, involved payment of unpaid contributions, liquidated damages, interest, and attorney's fees owed to the Trust Funds. The Court has supplemental jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Missouri, Eastern Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements, and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002.

5. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

6. Pursuant to 29 U.S.C. § 1132(a)(3), the Trust Funds are authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

7. The Defendant EDWARDS STEEL, INC. ("ESI") is an Illinois Corporation with its principal place of business in Ava, Illinois.

8. Edwards is an individual with his principal residence in Ava, Illinois.

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENTS - AUDITS

9. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. ESI is an employer engaged in an industry affecting commerce.

11. ESI entered into Collective Bargaining Agreements ("CBAs") with Local Union No. 46 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Ironworkers, Machinery Movers and Riggers ("Local 46"), Local No. 392, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 392"), and Local Union No. 396 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 396").

12. On June 29, 2016, ESI entered into a Participation Agreements with the Trust Funds. (The June 29, 2016 Participation Agreement is attached as **Exhibit 1**).

13. Through the CBAs and Participation Agreements, ESI also became bound by the provisions of the Trust Agreements.

14. Pursuant to the CBAs and Trust Agreements, ESI is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rates.

15. Pursuant to Article IX, Section 1 of the Trust Funds' respective Trust Agreements, contributing employers "shall promptly furnish to the Trustees, on demand, such payroll records and data they have with respect to the individual Employees benefiting from this Agreement and Declaration of Trust that the Trustees may require in connection with the administration of the Trust . . . ."

16. Pursuant to the Trust Agreements, the Trust Funds adopted a Uniform Policy on Delinquent

3

Employer Contributions ("Delinquent Contributions Policy").

17. Pursuant Section D, Paragraph 1 of the Delinquent Contribution Policy, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount of unpaid contributions and interest at the rate of one and one-half percent (1.5%) per month compounded monthly unless the applicable CBA explicitly states otherwise.

18. Pursuant to Section 502(g)(2) of ERISA and the Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds shall be responsible for payment of attorney's fees and costs associated with the collection of the delinquent contributions.

19. A recently completed audit for the period of August 1, 2016, through December 31, 2018, revealed that ESI owes the aggregate amount of $8,002.12 in contributions for the audit period on behalf of its employees performing work within the jurisdiction of Local 46.

20. As a result of the audit deficiencies owed by ESI on behalf of its employees performing work within the jurisdiction of Local 46, liquidated damages have been assessed in the aggregate amount of $800.21 and interest has accrued in the amount of $822.77 as of May 31, 2019.

21. A second recently completed audit for the period of August 1, 2016, through December 31, 2018, revealed that ESI owes the aggregate amount of $50,263.57 in contributions for the audit period on behalf of its employees performing work within the jurisdiction of Local 392.

22. As a result of the audit deficiencies owed by ESI on behalf of its employees performing

work within the jurisdiction of Local 392, liquidated damages have been assessed in the amount of $4,992.35 and interest has accrued in the amount of $15,010.67 as of May 31, 2019.

23. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from ESI.

24. Plaintiffs have complied with all conditions precedent in bringing this suit.

25. ESI is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant ESI for unpaid audit deficiencies in the aggregate amount of $8,002.12 owed on behalf of its employees performing work within the jurisdiction of Local 46;

B. That Judgment be entered in favor of Plaintiffs and against Defendant ESI for unpaid liquidated damages in the amount $800.21 and interest in the amount of $822.77 owed on behalf of its employees performing work within the jurisdiction of Local 46;

C. That Judgment be entered in favor of Plaintiffs and against Defendant ESI for unpaid audit deficiencies in the aggregate amount of $50,263.57 owed on behalf of its employees performing work within the jurisdiction of Local 392;

D. That Judgment be entered in favor of Plaintiffs and against Defendant ESI for unpaid liquidated damages in the amount $4,992.35 and interest in the amount of $15,010.67 owed on behalf of its employees performing work within the jurisdiction of Local 392;

E. That Judgment be entered in favor of Plaintiffs and against Defendant ESI for any other

contributions, liquidated damages, interest, and/or auditor fees found to be due and owing in addition to the amounts referenced in paragraphs A through D above;

F. That Defendant ESI be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

G. That this Court grant the Plaintiffs any other relief that this Court deems to be just and equitable pursuant to 29 U.S.C. § 1132(g)(2)(E) or otherwise.

## COUNT II
## BREACH OF THE SETTLEMENT AGREEMENT

26. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-25 of this Complaint with the same force and effect as if fully set forth herein.

27. Edwards is the President of ESI.

28. On June 20, 2019, ESI and Edwards, individually as guarantor, entered into a Settlement Agreement with the Trust Funds.  (A copy of the Settlement Agreement is attached as **Exhibit 2**).

29. The Settlement Agreement called for ESI and Edwards to make an initial payment of $31,000.00  followed by twenty-five (25) installment payments to the Plaintiffs in the amount of $11,481.15, which represented repayment of $286,138.98 owed to the Trust Funds for contributions, liquidated damages, interest, and attorney's fees, with an interest rate of 7.50% per annum, compounded monthly.  (**Exhibit 2**).

30. Pursuant to the Settlement Agreement, the installment payments were to be paid to the Plaintiffs by the fifteenth (15th) of the month.  (**Exhibit 2**).

31. Pursuant to the Settlement Agreement, any installment payments not received by the fifteenth (15th) of the month shall constitute a default of the Settlement Agreement. (**Exhibit 2**).

32. ESI and Edwards failed to timely remit the installment due on July 15, 2019.

33. ESI and Edwards failed to remit the installment due on August 15, 2019.

34. As a result of ESI and Edwards's failure to timely pay the installment due on July 15, 2019, and ESI and Edwards's failure to pay the installment due on August 15, 2019, the balance of the remaining installments totaling $264,066.45 is now due and owing under the Settlement Agreement.

35. Furthermore, pursuant to the Settlement Agreement, ESI and Edwards are liable for liquidated damages in the amount of $26,406.65, along with the Plaintiffs' attorney's fees and costs incurred in enforcing the Settlement Agreement.

36. Plaintiffs have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter Judgement in favor of Plaintiffs and against ESI and Edwards, jointly and severally, in the amount of $264,066.45, for the payment balance due under the Settlement Agreement;

B. That this Honorable Court enter Judgement in favor of Plaintiffs and against ESI and Edwards, jointly and severally, in the amount of $26,406.65, for liquidated damages owed under the defaulted Settlement Agreement;

C. That Defendants ESI and Edwards, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and

29 U.S.C. § 1132(g)(2)(D); and

D.      That this Court grant the Plaintiffs any other relief that this Court deems to be just and equitable all at Defendants' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E) or otherwise.

Respectfully Submitted,

**IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND** *et al.*

/s/ William M. Blumthal, Jr.
*One of Plaintiffs' Attorneys*

William M. Blumthal, Jr.
Bar No. 6281041IL
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
blumthal@johnsonkrol.com
(312) 372-8587