UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:19-cv-02377-AGF ) |
| EDWARDS STEEL, INC., et al, | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to collect delinquent fringe benefit contributions for the period of August 1, 2016, through December 31, 2018 (Count I); and for breach of a settlement agreement relating to contributions owed for the period of January through April of 2019 (Count II), is before the Court on Plaintiffs' motion for default judgment (ECF No. 10). Plaintiffs have failed to properly support their allegations of damages. *See, e.g., Stephenson v. El–Batrawi*, 524 F.3d 907, 916–17 (8th Cir. 2008) (holding that a district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" may be insufficient").

Most importantly, Plaintiffs have failed to submit a copy of the relevant collective bargaining agreements ("CBAs") in effect during the period for which they are claiming unpaid contributions. Additionally, the materials submitted by Plaintiffs are not sufficient to show that their calculations and methodology as to their claimed compensatory damages under the settlement agreement, and unpaid contributions, interest, and liquidated damages under ERISA,

are appropriate in light of the parties' CBAs.  For example, Plaintiffs have not explained how, if at all, the settlement agreement that is the subject of Count II affects their claims for unpaid contributions for earlier periods under Count I.  Moreover, Plaintiffs note that they have "obtained payment of $50,000.00 from an Irrevocable Letter of Credit provided on behalf of ESI in favor of [Plaintiffs," (ECF Nos. 10 at 2), but Plaintiffs do not state when this payment was received or how, if at all, it affects their calculation of liquidated damages and interest.  *See, e.g.*, *Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476 (8th Cir. 1988) (holding that liquidated damages under ERISA are "keyed to the amount of 'unpaid contributions,'" and are not warranted to the extent contributions are paid before suit was filed, even if such payment was delinquent).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion (ECF No. 10) for default judgment is **DENIED without prejudice** to filing, no later than **December 10, 2019**, a new motion for default judgment and supporting memorandum, which addresses the issues described above and clearly explains how Plaintiffs calculated each component of their request for damages. Plaintiffs shall attach to the new motion all necessary affidavits and documentation to establish the amount of their damages.

Failure to comply with this Order may result in the dismissal of Plaintiffs' complaint without prejudice.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2019.