UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:19-cv-02377-AGF ) |
| EDWARDS STEEL, INC., et al, | ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiffs filed this action on August 20, 2019, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to collect delinquent fringe benefit contributions for the period of August 1, 2016, through December 31, 2018 (Count I); and for breach of a settlement agreement relating to contributions owed for the period of January through April of 2019 (Count II).

The settlement agreement provided for repayment of unpaid contributions and wage assessments owed for the period of January through April of 2019, liquidated damages, interest, and attorneys' fees, totaling the amount of $286,138.98. The settlement agreement was signed by Plaintiffs and Defendant Christopher Edwards ("Edwards"), on behalf of himself and his company, Defendant Edwards Steel, Inc. ("ESI"). Paragraph 6 of the agreement provided: "Edwards agrees to be personally liable for all of the obligations of ESI called for in this Agreement, including, but not limited to,

all ongoing contributions, liquidated damages, interest, attorney's fees, and audit fees that shall become due and owing during the duration of this Agreement." ECF No. 12-7 at 3.

The settlement agreement called for an initial payment of $31,000.00 followed by 24 monthly installments of $11,481.15, with an interest rate of 7.50% per annum, compounded monthly. The settlement agreement provided that in the event of a default on any obligation under the terms of the agreement, all remaining payments would be accelerated and become immediately payable, and Defendants would be liable for additional liquidated damages of 10% of all unpaid amounts and all reasonable attorneys' fees and costs incurred to collect such amounts. *Id.* at 2-3.

According to the complaint, Defendants timely paid the initial $31,000.00 and paid the first installment of $11,481.15 after the due date. Defendants also submitted payment of the second installment of $11,481.15 after the due date; however, the check was returned for not sufficient funds. Plaintiffs assert that the current balance of contributions and wage assessments due under the settlement agreement is $264,066.45.

Plaintiffs filed suit on August 20, 2019. In October 2019, Plaintiffs received payment of $50,000.00 from an Irrevocable Letter of Credit provided on behalf of ESI in favor of Plaintiffs. Pursuant to Plaintiffs' Policy on Delinquent Employer Contributions (ECF No. 12-9), Plaintiffs applied the money from the Irrevocable Letter of to the oldest period of unpaid contributions.

On October 8, 2019, a Clerk's Entry of Default was entered as to both Defendants. Plaintiffs first moved for default judgment on October 18, 2019. ECF No. 10. However, the Court denied Plaintiffs' motion on November 19, 2019 because Plaintiffs failed to

properly support their allegations of damages. *See* ECF No. 11; *see also Stephenson v. El–Batrawi*, 524 F.3d 907, 916–17 (8th Cir. 2008) (holding that a district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" may be insufficient).

The matter is now before the Court on Plaintiffs' amended motion for default judgment (ECF No. 12). Because the affidavits and other evidence submitted with Plaintiffs' amended motion support Plaintiffs' requested judgment, the Court will grant Plaintiffs' motion and enter default judgment against Defendants. However, the Court will reduce the award of attorneys' fees to a reasonable amount.

In their motion for default judgment, as amended, Plaintiffs seek judgment against ESI in the amount of $29,891.69, which is itemized as follows:

1. $8,002.12 in contributions owed to the Plaintiffs for the period of August 1, 2016, through December 31, 2018, as revealed by the payroll compliance audit on behalf of employees performing work within the jurisdiction of Local 46;

2. $800.21 in liquidated damages resulting from the failure to timely submit contributions as revealed by the payroll compliance audit on behalf of employees performing work within the jurisdiction of Local 46;

3. $822.77 in interest resulting from the failure to timely submit contributions as revealed by the payroll compliance audit on behalf of employees performing work within the jurisdiction of Local 46;

4. $50,263.57 in contributions owed to the Plaintiffs for the period of August 1, 2016, through December 31, 2018, as revealed by the payroll compliance audit on behalf of employees performing work within the jurisdiction of Local 392;

5. $4,992.35 in liquidated damages resulting from the failure to timely submit contributions as revealed by the payroll compliance audit on behalf of employees performing work within the jurisdiction of Local 392; and

6. $15,010.67 in interest resulting from the failure to timely submit contributions as revealed by the payroll compliance audit on behalf of employees performing work within the jurisdiction of Local 392;

7. Less $50,000.00 in payment from an Irrevocable Letter of Credit provided on behalf of ESI in favor of Plaintiffs in October of 2019, after Plaintiffs filed suit.

ECF No. 12.

Plaintiffs further seek default judgment against both ESI and Edwards, jointly and severally, in the aggregate amount of $305,709.32, itemized as follows:

1. $264,066.45, which represents the balance of the remaining installments owed pursuant to the Settlement Agreement between ESI, Edwards, and [Plaintiffs];

2. $26,406.65 in liquidated damages resulting from the breach of the Settlement Agreement; and

3. $15,236.22 in attorneys' fees and costs incurred by the Plaintiffs since June 20, 2019.[1]

*Id.*

Plaintiffs have provided documentation supporting each category of claimed damages, including affidavits and copies of the relevant collective bargaining agreements, payroll compliance audits, and the settlement agreement. ECF No. 12.

Where default has been entered, the allegations of the complaint, except as to the amount of damages are taken as true. *See Everyday Learning Corp. v. Larson*, 242 F.3d

---

[1] Plaintiffs assert that the attorneys' fees and costs incurred prior to June 20, 2019 were already accounted for in the Settlement Agreement.

815, 818 (8th Cir. 2001). In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment. *See Employers & Cement Masons #90 Health & Welfare Fund v. Albright Concrete*, No. 4:17 CV 1424 CDP, 2017 WL 6316815, at *1 (E.D. Mo. Dec. 11, 2017). A plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages totaling not more than 20% of the delinquency, interest, attorneys' fees, and costs. *See* 29 U.S.C. § 1132(g)(2)(E).

Plaintiffs have adequately proven the amount owed by Defendants in delinquent fringe benefit contributions, interest, liquidated damages, and the amount owed under the settlement agreement. *See, e.g.*, *Albright Concrete*, 2017 WL 6316815, at *1 (describing standard for review of default judgment on delinquent contributions claim under ERISA); *Bridge v. McHenry Truck Lines, Inc.*, No. 96 C 4628, 1998 WL 427611, at *3-6 (N.D. Ill. July 24, 1998) (describing standard for review of breach of settlement agreement settling an ERISA claim for delinquent contributions, asserted against a company and its owners jointly, where the owners agreed to be held personally liable for the company's obligations).

Plaintiffs have also adequately proven the amount of attorneys' fees and costs sought; however, the Court does not find the attorneys' fees amount to be reasonable.[2] *See* 29 U.S.C. § 1332(g)(2)(D) (allowing recovery of "reasonable" attorneys' fees and

---

[2] Plaintiffs also seek $437.00 in costs, consisting largely of court filing fees, which the Court finds adequately supported and reasonable, and will therefore allow.

costs). Plaintiffs seek $14,799.22 of attorneys' fees for approximately 56 hours of work over the period of approximately five months, all billed at a rate of $250 or more per hour.

As the Supreme Court has repeatedly recognized, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," otherwise known as the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014). The Court should only include hours that are "reasonably expended" and counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Once the Court has determined that amount, it should consider a number of other factors, including the results obtained, to determine whether the fee should be adjusted upward or downward. *Id.*

Upon review of the Affidavit of Attorney's Fees and Costs (ECF No. 12-10) submitted by Plaintiffs in this matter, which details the work performed and rates billed, the Court finds that some hours were not "reasonably expended" and were "excessive, redundant, or otherwise unnecessary." *See Hensley v. Eckerhart*, 461 U.S. at 434. For example, the attorneys include in their fee request several hours of work performed to correct their own errors in the form of revising their motion for default judgment after this Court's denial of their original motion. Moreover, the billing records indicate that all tasks, no matter the complexity, were billed at a rate of $250 or more per hour.

This was not a particularly complex case. Defendants failed to answer or respond, no factual allegations had to be proven, and the case did not proceed past the initial pleading stage. This case was not significantly different from other routine default judgment ERISA cases for which this Court has awarded significantly lower attorneys' fees. *See, e.g.*, *Greater St. Louis Constr. Laborers Welfare Fund v. Unified Contracting Servs., LLC.*, No. 4:18-CV-01125-SNLJ, 2019 WL 5802708, at *2 (E.D. Mo. Nov. 7, 2019) (awarding $2,474.00 in attorneys' fees). Even default judgment ERISA cases involving an additional breach of a settlement agreement, such as the one here, have involved significantly lower attorneys' fees. *See, e.g.*, *Trustees of Operating Engineers Pension Tr. v. Coleman Constr., Inc.*, No. 217CV08170ODWMRW, 2018 WL 1406605, at *8 (C.D. Cal. Mar. 19, 2018) (awarding $9,129.00 in attorneys' fees for a combination of attorney and paralegal work performed over the course of six months in such a case).

In light of this case's relative lack of complexity, the work that could have been avoided if the attorneys filed a properly supported motion for default judgment the first time around, and considering the awards in similar cases, the Court concludes that the number of hours billed by Plaintiffs' attorneys to be excessive. Therefore, the Court will reduce the number of hours to 37 at a rate of $250 per hour, resulting in an award of $9,250. The Court finds this amount to be reasonable for the work performed, and the Court does not find any further upward or downward adjustment to be necessary. *See, e.g.*, *Albright Concrete*, 2017 WL 6316815, at *3 (reducing the number of hours billed by attorneys in default ERISA case in light of the lack of complexity of the case and the awards granted in similar cases). The Court will therefore reduce the claimed $15,236.22

in attorneys' fees and costs to $9,687.00, representing $9,250 in reasonable attorneys' fees and $437.00 in costs. This will reduce the total damages claimed against Defendants ESI and Edwards, jointly and severally, from $305,709.32 to $300,160.10.

Upon review of the record and for the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment, as amended, is **GRANTED in part**, as set forth above . ECF No. 12.

An appropriate Judgment shall accompany this Memorandum and Order, showing the liability of Defendant Edwards Steel, Inc. in the amount of $29,891.69, and the liability of Defendant Edwards Steel, Inc. and Christopher Edwards, jointly and severally, in the amount of $300,160.10.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2019.